IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JESSE NIELSEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 05-320-JO |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NEW CINGULAR WIRELESS PCS, LLC, | ) | |
| formerly doing business as AT&T Wireless, | ) | |
| | ) | |
| Defendant. | ) | |

Elizabeth Farrell
Attorney at Law
P. O. Box 3614
Hillsboro, OR  97123

   Attorney for Plaintiff

Calvin L. Keith
Julia E. Markley
PERKINS COIE, LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128

   Attorneys for Defendant

JONES, Judge:

On November 9, 2006, a jury returned a verdict in favor of plaintiff Jesse Nielsen and against defendant New Cingular Wireless. The jury found defendant liable on the two claims plaintiff pursued, a claim for violation of the federal Family Medical Leave Act and a related claim for common law wrongful discharge. The jury awarded plaintiff $42,000 in lost wages and benefits, and $0 in non-economic damages for mental anguish.

The case is now before the court on plaintiff's petition for attorney fees and bill of costs (# 90). Plaintiff seeks an award of $74,778.60 in attorney fees (which includes $1,370.00 in legal assistant fees) and $4,018.60 in costs. Defendant does not dispute plaintiff's entitlement to an award of attorney fees and costs, and concedes that the hourly rate sought, $225 per hour for attorney time, is reasonable. Defendant does object, however, to any award of attorney fees on plaintiff's common law wrongful discharge claim, objects that the claimed attorney fees far exceed the amount of the verdict, and objects to plaintiff's request for reimbursement of costs incurred for expedited trial transcripts (the sum of $1,225.76).

For the reasons explained below, plaintiff's petition for attorney fees and bill of costs are granted in part and denied in part.

DISCUSSION

1. <u>Attorney Fees</u>

There is a strong presumption that the "lodestar" - the number of hours reasonably expended multiplied by a reasonable hourly rate - represents a reasonable fee, and the party advocating a departure from that amount bears the burden of establishing that an adjustment is necessary. <u>City of Burlington v. Dague</u>, 505 U.S. 557, 561 (1992).

Defendant contends that the lodestar figure of $74,778.60 should be adjusted downward

2 - ORDER

to reflect both the time counsel spent on plaintiff's common law claim, for which fees are not recoverable, and the limited nature of plaintiff's recovery ($42,000). Because counsel's work on both claims was intertwined and cannot be allocated based on the billing records provided, defendant suggests a reasonable reduction of ten percent to account for time spent on unrecoverable matters. Defendant further suggests an additional reduction of 10 percent to reflect the modest results plaintiff obtained.

Plaintiff's counsel has not responded to defendant's proposed reductions. Having handled this matter from commencement of the litigation in March 2005, and having presided over the jury trial, I agree that the reductions defendant suggests are appropriate. Consequently, I award plaintiff the total sum of $60,570.67 in attorney and legal assistant fees ($74,778.60, reduced by 10 percent then reduced by an additional 10 percent).

2.    Costs

Defendant objects only to plaintiff's request for reimbursement of $1,225.76 in costs incurred to obtain a "partial transcript of trial testimony." Plaintiff asserts that the expense of an expedited trial transcript was reasonably necessary, but does not explain how or why. The trial testimony took only part of two days, and as defendant points out, plaintiff did not rely on the transcript during trial. Consequently, I deny plaintiff's request for reimbursement of the cost of the trial transcript, but otherwise approve the cost bill and award plaintiff the total sum of $2,792.84 in costs and expenses.

3 - ORDER

CONCLUSION

Plaintiff's petition for attorney fees and costs (# 90) is granted in part and denied in part. Plaintiff is awarded $60,570.67 in attorney and legal assistant fees, and $2,792.84 in costs and expenses.

IT IS SO ORDERED.

DATED this 2nd day of April, 2007.

                                            /s/ Robert E. Jones
                                            ROBERT E. JONES
                                            U.S. District Judge

4 - ORDER